Filed 8/28/25  P. v. Dumas CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B339387 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA445219) |
| v. | |
| MARIO DESHON DUMAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Larry P. Fidler, Judge.  Affirmed.

Steven A. Brody, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Susan Sullivan Pithey, Assistant Attorneys General, Kenneth C. Byrne and Blake Armstrong, Deputy Attorneys General, for Plaintiff and Respondent.

Mario Dumas appeals the superior court's order resentencing him under Penal Code section 1172.75, arguing that the court erred in reimposing the upper term for his mayhem conviction without findings beyond a reasonable doubt of aggravating circumstances, which are now required to impose the upper term under recent amendments to section 1170, subdivision (b) (Stats. 2021, ch. 731, § 1.3). The law in place in 2016, when appellant was sentenced, gave trial courts broad discretion in choosing among the lower, middle, and upper terms. Subdivision (d)(4) of section 1172.75, specifically addresses the applicability of the recent change in 1170, subdivision (b) in the resentencing context, and allows courts to leave intact originally imposed upper term sentences, even absent admissions or findings beyond a reasonable doubt of aggravating circumstances. Appellant argues that application of this plain reading of the statute violates his Sixth Amendment right to a jury trial on facts used to increase his exposure to punishment. We disagree and affirm.

### FACTS AND PROCEDURAL BACKGROUND

1. **Facts**[1]

On March 23, 2016, appellant approached Brenda Duran (Duran) and her younger brother in a strip mall parking lot. He angrily asked why Duran and her brother had flipped him off, which they denied doing. Appellant then blocked Duran's path, and someone in his car called her a "dyke ass bitch." When Duran pulled out her phone to dial 911, appellant smacked it to the ground. When Duran tried to push him away, appellant

---

[1] These facts are drawn from the unpublished opinion affirming appellant's conviction. (*People v. Dumas* (Nov. 20, 2017, B279101).)

2

punched her "real hard" in the face. Duran's brother approached him with a tire iron, and appellant grabbed it from him and hit Duran across the back with it. While Duran was on the ground, appellant kicked her in the face.

Duran suffered severe injuries to her left eye, nose, teeth, and skull. Her left orbital bone was broken, causing her left eye to sink into the eye socket and not align with her right eye. This caused her blurry vision, double vision, and reduced peripheral vision, some of which was cured by surgery she underwent to insert a plate into the socket and lift the eye closer to its original position. Her nose was broken, and she permanently lost her sense of smell and taste. Ten of her teeth were chipped, and two had to be removed. She also suffered bleeding in her skull, which continues to cause severe headaches. Her back was bruised by the strike from the tire iron.

## 2.    Procedural Background

In 2016, the People charged appellant with (1) one count of mayhem (§ 203); (2) three counts of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)), one for the punch to Duran's face, one for the kick to her face, and one for the scuffle with Duran's brother over the tire iron; and (3) one count of assault with a deadly weapon (§ 245, subd. (a)(1)) for striking Duran with the tire iron. The People further alleged that appellant personally inflicted great bodily injury as to the counts for punching and kicking Duran (§ 12022.7, subd. (a)). The People also alleged that appellant's 2005 manslaughter conviction (§ 192, subd. (a)) constituted a "strike" under our Three Strikes Law (§§ 667, subds. (b)–(j) & 1170.12, subds. (a)–(d)), a prior "serious" felony (§ 667, subd. (a)(1)), and a prior

3

prison term under former section 667.5, subdivision (b). The People also alleged four additional prior prison terms.

The matter proceeded to trial, and the jury found appellant guilty of mayhem, assault by means of force likely to produce great bodily injury as to the punch and kick to Duran, and simple assault as to the remaining two assault counts. The jury found true the allegation that appellant personally inflicted great bodily injury, and appellant admitted his prior convictions.

In November 2016, the trial court sentenced appellant to 24 years in prison, comprised of a base sentence of 16 years (upper term of eight years, doubled due to the prior strike), five years for the prior serious felony, plus three years for three of the five prior prison terms. The court stayed all remaining sentences under section 654.

Appellant's conviction was affirmed on direct appeal. (*People v. Dumas*, *supra*, B279101.)

In 2022, the California Department of Corrections and Rehabilitation referred appellant's case for resentencing under section 1172.75.

In 2024, appellant's appointed counsel filed a motion to strike the three one-year enhancements imposed under former subdivision (b) of section 667.5, and for a full resentencing. The People filed a response, conceding that those three years must be stricken and acknowledging the court's broad discretion as to the remaining sentences.[2]

After a hearing, the trial court issued a ruling striking the three now invalid one-year enhancements, which reduced

---

[2] The People emphasized the then-existing policy at the District Attorney's Office precluding them from opposing further resentencing.

4

appellant's total sentence to 21 years. Observing that "[t]his was a heinous and vicious attack, without provocation, that resulted in serious and lasting injuries," and that appellant "has numerous prison violations for fighting" and "had not been out of prison for very long before he committed th[is] crime," the trial court "decline[d] to resentence the petitioner to any lesser sentence."

## DISCUSSION

### 1.    Section 1172.75 resentencing

Effective January 1, 2022, the Legislature added section 1172.75 (Stats. 2021, ch. 728, § 3), which renders "legally invalid" any prior prison term enhancement imposed under subdivision (b) of section 667.5 before January 1, 2020, except for those involving a sexually violent offense. (§ 1172.75, subd. (a).) If a judgment includes such an enhancement, the court shall recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).) Those who qualify are entitled to a full resentencing, at which the trial court "shall . . . apply any other changes in the law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."[3] (§ 1172.75, subd. (d)(2).)

---

[3] "The court may consider postconviction factors, including . . . the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3); *People v. Garcia* (2024) 101 Cal.App.5th 848, 856.)

## 2. Changes in sentencing scheme, and application in context of section 1172.75 resentencing

Until 2007, section 1170, subdivision (b) provided that "the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime." (§ 1170, former subd. (b); Stats. 1977, ch. 165, § 15, p. 647.) In 2007, the United States Supreme Court held that this "violated the Sixth Amendment right to a jury trial because it allowed a defendant's prison sentence to be increased beyond the statutory maximum based on facts that had not been found true beyond a reasonable doubt by a jury or admitted by the defendant." (*People v. Mathis* (2025) 111 Cal.App.5th 359, 370, review granted Aug. 13, 2025, S291628 (*Mathis*); see *Cunningham v. California* (2007) 549 U.S. 270, 274–275 [126 S.Ct. 856, 166 L.Ed.2d 856] (*Cunningham*).) *Cunningham* "noted that California could comply with the Sixth Amendment either by requiring jury findings for any facts necessary to impose an aggravated sentence, or by authorizing sentencing courts ' "to exercise broad discretion . . . within a statutory range." ' " (*Mathis*, at pp. 370–371.)

Our Legislature initially responded (in 2007) by choosing the second option, which allowed courts " 'broad discretion' " to choose between the lower, middle, and upper terms. (*Mathis*, *supra*, 111 Cal.App.5th at p. 371, rev.gr.) This scheme—in effect when appellant was originally sentenced in 2016—was one that " ' "everyone agree[d]" ' " "raised no Sixth Amendment concerns." (*Ibid.*; *People v. Lynch* (2024) 16 Cal.5th 730, 747 (*Lynch*).)

Effective January 1, 2022, however, our Legislature adopted the first option in *Cunningham* by amending section 1170, subdivision (b), to make the middle term presumptive and

6

to allow the imposition of the upper term only "when there are circumstances in aggravation of the crime," and the facts underlying those circumstances "have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2); Stats. 2021, ch. 731, § 1.3.) Enacted the same year, section 1172.75, subdivision (d)(4) refines how this change operates in the context of resentencing under section 1172.75, stating that, "*[u]nless the court originally imposed the upper term*," the court may not impose a sentence exceeding the middle term unless the circumstances in aggravation are admitted or found beyond a reasonable doubt. (§ 1172.5, subd. (d)(4), italics added.)

### 3. The trial court did not err in reimposing the upper term because it was originally imposed

Appellant argues that the trial court erred in reimposing the upper term for mayhem without findings beyond a reasonable doubt or admissions by appellant of factors in aggravation. We generally review the trial court's sentencing decisions for abuse of discretion (*Mathis, supra*, 111 Cal.App.5th at p. 366, rev.gr.), but this appeal presents an issue of law and statutory interpretation, which we review de novo (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466 (*Brannon-Thompson*)).

The plain language of section 1172.75 shows that the Legislature intended the heightened standard in section 1170, subdivision (b) to apply at a section 1172.75 resentencing hearing only if a trial court is imposing the upper term for the first time. (*Brannon-Thompson, supra*, 104 Cal.App.5th at pp. 466–467.) In other words, a trial court is not limited to imposing a middle or lower term sentence—absent aggravating factors admitted or proven beyond a reasonable doubt—when the upper term was

7

"originally imposed" (§ 1172.75, subd. (d)(4)).  The *Brannon-Thompson* court adopted this plain meaning in rejecting a claim that defense counsel was ineffective for failing to object at resentencing to the reimposition of the upper term.  (*Brannon-Thompson*, at p. 466 [" 'there was no sound legal basis' " for counsel to object to the superior court reimposing the upper term].)

Appellant urges us to follow *People v. Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*), which disagreed with *Brannon-Thompson*'s adoption of the plain reading of section 1172.75, subdivision (d)(4) because it violates the Sixth Amendment.[4] (*Gonzalez*, at pp. 327–330 [noting that the *Brannon-Thompson* court did not grapple with "the constitutional aspect of section 1170, subdivision (b)"].)  We disagree with *Gonzalez*'s reasoning. (Accord, *Mathis*, *supra*, 111 Cal.App.5th at pp. 372–374, rev.gr.) Under the Sixth Amendment, "any fact that exposes a defendant to *a greater potential sentence* must be found by a jury, not a judge, and established beyond a reasonable doubt." (*Cunningham*, *supra*, 549 U.S. at p. 281, italics added.)  Section 1172.75 is an ameliorative statute that precludes the imposition of any greater sentence, and only permits resentencing courts to reduce or leave intact the original sentence.[5]  It thus impacts the

---

[4] Our Supreme Court has granted review of an unpublished Court of Appeal decision to resolve the split over whether section 1172.75, subdivision (d)(4) allows a superior court to reimpose an upper term sentence when circumstances in aggravation were neither stipulated to nor found true beyond a reasonable doubt. (See *People v. Eaton* (Mar. 14, 2025) C096853, review granted May 14, 2025, S289903.)

[5] "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the

scope of judicial discretion, but does not involve improper factfinding to increase a defendant's sentence. (See *Dillon v. United States* (2010) 560 U.S. 817, 828–829 [130 S.Ct. 2683, 177 L.Ed.2d 271] [any facts found at the sentence modification proceedings under "a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments," "do not serve to increase the prescribed range of punishment," but rather "affect only the judge's exercise of discretion within that range"; "such discretion does not contravene the Sixth Amendment even if it is informed by judge-found facts"]; accord, *People v. Perez* (2018) 4 Cal.5th 1055, 1063–1064 [applying *Dillon*'s reasoning to another resentencing scheme whose "enactment [was also] intended to give inmates serving otherwise final sentences the benefit of ameliorative changes to applicable sentencing laws"].) What is more, both our federal and state high courts have recognized that the scheme in place when appellant originally received the upper term for mayhem "encounter[ed] no Sixth Amendment shoal." (*Cunningham*, *supra*, 549 U.S. at pp. 293–294; *Lynch*, *supra*, 16 Cal.5th at p. 747; see *Lynch*, at p. 756 ["in this context, what the Sixth Amendment requires is necessarily informed by what the state statutory scheme requires"].) We therefore reject appellant's contention that the superior court's reimposition of the upper term ran afoul the Sixth Amendment.

---

elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).)

**DISPOSITION**

The trial court's order is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:



CHAVEZ, J.



GOORVITCH, J.*

---

\* Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.